## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 17-cv-21544-UNGARO/O'SULLIVAN

RAMON MANUEL ADLER,

        Plaintiff,

v.

GARDENS ON THE BAY OWNERS
ASSOCIATION, INC., MARTA ALVAREZ
and JULIE M. GONZALEZ,

        Defendants.

_____/

### DEFENDANTS' JOINT MOTION TO DISMISS COUNT I OF FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW, AND ANSWER AND AFFIRMATIVE DEFENSES TO COUNT II

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Gardens on the Bay Owners Association, Inc. ("Gardens"), Marta Alvarez ("Alvarez") and Julie M. Gonzalez ("Gonzalez") jointly move to dismiss Count I of Plaintiff's First Amended Complaint (the "Amended Complaint") for failure to state a claim for which relief can be granted.[1] Following Defendants' supporting memorandum of law, Plaintiffs set forth their joint Answer and Affirmative Defenses.

### MOTION TO DISMISS COUNT I - FEDERAL OVERTIME WAGE VIOLATION

---

[1]     Count I of Plaintiff's Amended Complaint, but for the parties, amounts at issue, and paragraph numbers, virtually mirrors the complaint filed by the same law firm on behalf of the plaintiff in *Prada v. Cuba Tobacco Cigar, Co. et al.* (D.E. 1 in Case No. 1:17-cv-20380-UU, now 1:17-cv-20380-JJO following the transfer of jurisdiction to Magistrate Judge O'Sullivan). The defendants in *Prada* moved to dismiss that complaint (D.E. 17), based on the same arguments that Defendants raise herein.  This Court granted the defendants' motion, and dismissed the *Prada* complaint (D.E. 20).  To avoid the unnecessary expenditure of fees, this motion and its supporting memorandum borrows liberally from the *Prada* defendants' motion to dismiss and supporting memorandum. Defendants respectfully submit that for the same reasons this Court dismissed the *Prada* complaint, it should dismiss Count I of this Amended Complaint.

1.     Count I of Plaintiff's Amended Complaint, for alleged federal overtime wage violations, should be dismissed to the extent it seeks an award of damages under the Fair Labor Standards Act ("FLSA") for work alleged to have been performed more than three (3) years prior to the date the initial complaint in this action was filed, because such claim is barred by the statute of limitations.

2.     Count I of the Amended Complaint should be dismissed for failure to make sufficient factual allegations to show that enterprise and/or individual coverage exist under the FLSA.

3.     Plaintiff's claims on behalf of "all others similarly situated" should be dismissed for failure to make sufficient factual allegations in support of such claims.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT I

### A. Part of Plaintiff's Claim is Time Barred

29 U.S.C. 255(a) establishes the statute of limitations for a FLSA claim; *viz.*, two years, extended to three years for a willful violation.[2] This case was filed on April 25, 2017 (D.E. 1). Plaintiff therefore cannot state a claim for a FLSA violation that allegedly occurred before April 25, 2014.

The Amended Complaint references a "relevant time period" which it equates to "Plaintiff's respective period of employment." *See* Amended Complaint, ¶3. Plaintiff then alleges a period of employment from "about the year 1997 through the present and ongoing" and later references "the period of on or about the year 1997 through on or about December 31, 2015." *See* Amended Complaint, ¶¶ 10, 15. The portion of Plaintiff's FLSA

---

[2]     Defendants do not concede that there has been any willful (or other) FLSA violation, but rely upon the three year period *arguendo* for purposes of the statute of limitations argument in this motion.

claim which seeks damages for a time period before April 25, 2014 should be dismissed with prejudice because it is time barred.[3]

**B. Plaintiff Makes Insufficient Individual and Enterprise FLSA Coverage Allegations**

Plaintiff's FLSA allegations in Count I are a "formulaic recitation of the statutory language that cannot survive a motion to dismiss." *Botero v. S. Florida Pain & Rehab. Ctr. Corp., Inc.,* 12-20924-CIV, 2012 WL 2502801, *2 (S.D. Fla. June 28, 2012); *Sanchez v. Piripi VMP, LLC,* 15-24166-CIV, 2016 WL 950954, *2 (S.D. Fla. Mar. 7, 2016) ("Plaintiff's complaint lacks a factual foundation for individual or enterprise liability under the Act.").

Count I of Plaintiff's Amended Complaint does not allege sufficient facts under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) to establish individual or enterprise coverage under the FLSA. *See Sanchez, supra* ("… the Court again finds *Iqbal* and *Twombly* control the pleading standard in this FLSA case."); *Lussi v. Design-Build & Eng'g, Inc.*, 09-23446-CIV, 2010 WL 1571158, *2 (S.D. Fla. Apr. 20, 2010); *Peralta v. Greco Intern. Corp.*, 11–22224–CIV, 2011 WL 5178274, *3-4 (S.D. Fla. Oct. 31, 2011).

Here, paragraphs 11 and 12 of the Amended Complaint simply recite statutory language without benefit of any specific factual allegations. The Amended Complaint does not allege what business the Defendants are in. It alleges that Plaintiff is a "maintenance worker," without defining that term or alleging what a maintenance worker in this instance does. There are no specific allegations regarding what work Plaintiff performed. Plaintiff

---

[3]     When referring to the purported collective action, Plaintiff uses the phrase "from the filing of this complaint back three years." *See* Amended Complaint, ¶ 7. Therefore, it is possible that Plaintiff intends to limit his claim to that period. However, the inclusion of allegations reaching back to 1997, coupled with describing those years as part of "the relevant time period," renders Plaintiff's claim unclear.

does not differentiate between the "materials and goods" referenced in Count I of the Amended Complaint. *See* Amended Complaint, ¶ 11. Under similar circumstances, this Court has dismissed a FLSA claim for its lack of factual allegations:

> Although the Court recognizes that an FLSA plaintiff "need not do much" to allege enterprise coverage, *Ceant*[4], 874 F. Supp. 2d at 1378, a plaintiff must provide the "factual underpinnings" which support his general allegations and legal conclusions, *Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2015) (Marra, J.). The Amended Complaint is devoid of any factual allegations showing the nature of OCP's work, how the alleged "materials" connected to that work, or how many employees besides the Plaintiff handled the materials. As a result, dismissal without prejudice is required. *See, e.g., See Steele v. Int'l Assoc. of Trauma & Addiction Counselors, Inc.*, No. 13–62077, Dkt. 58 at 3–4 (S.D. Fla. Jan. 1, 2016) (Scola, J.) (dismissing a FLSA complaint without prejudice because the plaintiff failed to "distinguish between goods and materials" and did not describe the nature of her employer's work); *Perez v. Muab, Inc.*, No. 10–62441–Civ, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) ("Plaintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.") (citation omitted).
>
> In amending, the Plaintiff must set forth the exact nature of OCP's business, taking care to explain how OCP's business, and her work for the company, connect to interstate commerce. Aside from stating the nature of her work and the nature of OCP's business, she must provide only straightforward allegations connecting that work to interstate commerce. *Ceant*, 874 F. Supp. 2d at 1379. Additionally, if she wishes to rely on the "goods or materials" prong of enterprise coverage, she should provide facts sufficient for the Court to distinguish between goods and materials. *See Steele*, Dkt. 58 at 3–4.

*Villafana v. Our Children's Planet Corp.*, 15-23432-CIV, 2016 WL 3470013, *3 (S.D. Fla. Mar. 24, 2016). Count I of the Amended Complaint in this action should likewise be dismissed.

### C. Plaintiff Has Not Pleaded Facts to Support a Collective Action

A claim made as a collective action can be challenged by a motion to dismiss on whether its allegations state a claim. For example, in *Bule v. Garda CL Se., Inc.,* 2014 WL 3501546 (S.D. Fla. 2014), this Court dismissed two FLSA collective action counts because

---

4       *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373 (S.D. Fla. 2012).

they were not adequately pleaded. And in *Baide v. Sunsof, Inc.*, 2014 WL 5055124, *3 (S.D. Fla. Oct. 7, 2014), the Court granted in part the defendant's motion to dismiss to require "Plaintiffs to amend their complaint to identify a group of workers that are similarly situated to them." *Id*.

Employees must be "similarly situated" with respect to their job requirements and with regard to their pay provisions. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259-60 (11th Cir. 2008). Additionally, a plaintiff must show "commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." *Baide, supra*. The plaintiff thus must make sufficient allegations not only that there are similarly situated persons, but in what way they are similarly situated.

As this Court found in *Bule, supra*, "… the collective action components of Counts IV and V should be dismissed because Plaintiff's complaint fails to plead or define any attributes of the alleged similarly situated employees, and, therefore, the allegations fail to state a claim for relief as a collective action." *Id*. Here, Count I of the Amended Complaint makes no allegations to show in what relevant way any other potential workers are similar to the Plaintiff in this action. Accordingly, Count I should be dismissed.

A collective action also requires that more than one person wishes to participate. *See Chalker v. Burlington Coat Factory of Florida, LLC,* 2013 WL 5954783 (M.D. Fla. 2013). There is no allegation here that anyone else wishes to join this lawsuit. Instead, Plaintiff pleads that "[i]t is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years."

*See* Amended Complaint, ¶ 7. "The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself …" to carry Plaintiff's burden. *Guerra v. Big Johnson Concrete Pumping, Inc.*, 05-14237-CIV, 2006 WL 2290512, *4 (S.D. Fla. May 17, 2006). *See also Chalker*, *supra* ("[P]laintiff must show that … there are other employees who desire to opt in to the action …."). In this instance, Plaintiff has not pleaded facts which would warrant pursuing a claim as a collective action.

WHEREFORE, Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count I of Plaintiff's Amended Complaint for failure to state a claim for which relief can be granted.

## ANSWER TO COUNT II – FEDERAL MINIMUM WAGE VIOLATIONS

For their Joint Answer to Count II of Plaintiff's Amended Complaint, Defendants respond to each of the numbered paragraphs of Count II as follows[5]:

1.      Admitted.

2.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 2, and therefore deny same.

3.      Defendants admit that Gardens is a corporation that is located within Miami-Dade County.  Defendants deny that Gardens "transacts business" within the meaning of the Fair Labor Standards Act ("FLSA") and that Gardens was the FLSA employer of Plaintiff at any time.

---

[5]      Defendants' Answer to Count II includes responses to paragraphs 7-17 (Count I) of the Amended Complaint because Plaintiff "re-adopt[ed] the factual and jurisdictional statements in paragraphs 1-17…" Defendants only answer paragraphs 7-17 to the extent necessary to respond to "the factual and jurisdictional statements" contained therein, and maintain that Count I should be dismissed for the reasons argued above.

4.      Defendants admit that for a certain duration of time, Alvarez was an officer of Gardens.  Defendants deny the remaining allegations of paragraph 4.

5.      Defendants admit that for a certain duration of time, Gonzalez was an officer of Gardens.  Defendants deny the remaining allegations of paragraph 5.

6.      Admitted.

7.      Defendants admit that this action purports to arise under the laws of the United States, but Defendants deny that Plaintiff's action is properly brought under the laws of the United States.   Defendants admit that this action purports to be brought as a collective action, but deny that this action is properly brought as a collective action. Defendants deny the remaining allegations of paragraph 7.

8.      Denied.

9.      Paragraph 9 of the Complaint purports to quote from a portion of the FLSA but contains no factual allegations, and therefore no response is required.  To the extent paragraph 9 can be construed to contain factual allegations, Plaintiff denies same.

10.     Defendants are not aware of the precise duration of Plaintiff's employment at Gardens, but they understand that Plaintiff was employed by Gardens for at least the three year period prior to the filing of the Complaint, through the date of that filing.

11.     Defendants deny each and every allegation of paragraph 11 of the Complaint.

12.     Defendants deny each and every allegation of paragraph 12 of the Complaint.

13.     Although Gardens may have had gross income in excess of $500,000 annually for the years 2013 through 2016, Defendants deny that said gross income qualified as gross sales or business done within the meaning of the FLSA, and therefore Defendants deny paragraph 13 of the Complaint.

14.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 14.  Additionally, Defendants deny that any gross income earned by Gardens for the periods of time described in paragraph 14 would qualify as gross sales or business done within the meaning of the FLSA.  For these reasons, Defendants deny paragraph 14 of the Complaint.

15.     Defendants deny each and every allegation of paragraph 15 of the Complaint.

16.     Defendants deny each and every allegation of paragraph 16 of the Complaint.

17.     Defendants deny each and every allegation of paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint purports to quote from a portion of the FLSA but contains no factual allegations, and therefore no response is required.  To the extent paragraph 18 can be construed to contain factual allegations, Plaintiff denies same.

19.     Defendants deny each and every allegation of paragraph 19 of the Complaint.

20.     Defendants deny each and every allegation of paragraph 20 of the Complaint.

21.     Defendants deny each and every allegation of paragraph 21 of the Complaint.

22.     Defendants deny each and every allegation of paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES TO COUNT II – FEDERAL MINIMUM WAGE VIOLATIONS

Defendants jointly assert the following Affirmative Defenses to Count II of Plaintiff's Amended Complaint:

**First Affirmative Defense – Failure to State a Claim Upon Which Relief Can Be Granted**

Count II is barred due to Plaintiff's failure to allege facts, and Plaintiff's inability to prove, sufficient to support a finding of a violation of the Federal Minimum Wage Laws.

**Second Affirmative Defense  - Lack of Subject Matter Jurisdiction**

Count II is barred due to the Court's lack of subject matter jurisdiction over Count II based on the following reasons: (a) none of the Defendants is an "employer" as that term is defined in the FLSA; (b) Gardens is not an "enterprise" within the meaning of the FLSA; (c) Gardens is not "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA; (d) Plaintiff does not have standing to bring this claim as a "collective" action; and (e) Plaintiff was not, during the period of time he could arguably recover under the FLSA, "engaged in commerce or the production of goods for commerce" within the meaning of the FLSA.

**Third Affirmative Defense – Statute of Limitations**

Count II is barred to the extent Plaintiff seeks to recover for a period of time prior to two years before the filing of the initial complaint in this case.

**Fourth Affirmative Defense – Good Faith**

Count II is barred to the extent Plaintiff seeks to recover for a period of time prior to two years before the filing of the initial complaint in this case because Defendants were unaware that they may have violated the federal minimum wage laws, and at all relevant times they believed they were in full compliance with the federal minimum wage laws.

**Fifth Affirmative Defense – Count II Is Erroneously Based on Plaintiff's "Net" Pay**

Count II is barred to the extent it is based on Plaintiff's alleged "net" hourly pay being lower than the required federal minimum wage, because it is an employee's "gross" hourly pay that must be equal to or greater than the federal minimum wage under the FLSA.

WHEREFORE, Defendants respectfully request that judgment be entered against Plaintiff on Count II of Plaintiff's Amended Complaint, and that Defendants be awarded the costs and fees incurred in the defense of this action.

Respectfully submitted,

By: /s/ *Andrew V. Tramont*
ANDREW V. TRAMONT, ESQ.
Florida Bar No. 322830
avt@rtgn-law.com
BRADLEY B. ASERLIND, ESQ.
Florida Bar No. 101623
bba@rtgn-law.com
RODRIGUEZ TRAMONT & NUÑEZ, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525

*Attorneys for Defendants*

## Certificate of Service

I hereby certify that on May 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission or Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew V. Tramont*

## SERVICE LIST

**RAMON MANUEL ADLER v. GARDENS ON THE BAY OWNERS
ASSOCIATION. INC. et al.
CASE NO. 17-cv-21544-UNGARO/O'SULLIVAN
United States District Court, Southern District of Florida**

Jamie H. Zidell
Florida Bar No. 10121
Email: zabogado@aol.com
Rivkah Fay Jaff

Florida Bar No. 107511
Email: rivkah.jaff@gmail.com
Neil Tobak
Florida Bar No. 93940
Email: ntobak.zidellpa@gmail.com
J.H. Zidell, P.A.
300 71st St., Ste 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile: (305)-865-7167
*Attorneys for Plaintiff*
**Via CM/ECF**