UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1 7-21544-CIV-UU

RAMON MANUEL ADLER a/k/a RAMON )
MANUEL ADLER ADAY, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                        Plaintiff, )
   vs. )

GARDENS ON THE BAY OWNERS )
ASSOCIATION, INC., )
MARTA ALVAREZ, )
JULIE M. GONZALEZ, )

                                 Defendants. )
_____ )

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS[1]**

COMES NOW the Plaintiff, by and through the undersigned, and hereby moves for the entry of a protective order and for sanctions, and in support thereof states as follows:

1.    This matter sounds under the Fair Labor Standards Act ("FLSA") regarding allegations for overtime and minimum wage violations under 29 U.S.C. §§ 201-216.[2] [DE15].[3]

---

[1] The undersigned is aware of the fact that in many other matters that the Honorable Judge Ungaro is paired with the Honorable Judge O'Sullivan and that generally all discovery disputes need to be set for a hearing, however after a careful review of the docket the undersigned could not locate an Order requiring that a hearing be set (usually the Order is entered along with the Scheduling Order or after a Hearing with the Honorable Judge O'Sullivan neither of which has occurred as of yet).

[2] Florida Statute §448.110(6)(b) provides that upon receipt of Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." In addition to Plaintiff's FLSA claims, Plaintiff has a claim for minimum wage violations under Florida Statute §448.110(6)(b). Thus, on May 9, 2017, the undersigned served Defendants, by and through their counsel, with Plaintiff's Florida Minimum Wage Letters as per said Statute.

1

2. On May 23, 2017, Defendants served Plaintiff with a Notice of Taking Deposition for Plaintiff which was unilaterally set to occur on June 26, 2017. *See* Exhibit "A."

3. The Parties have not held their 26(f)/16.1 conference, as required by the Federal and Local Rules, and have not submitted the report and proposed order which is due to be filed by June 30, 2017 per the Court's Order [DE13]. *See also,* Fed. R. Civ. P. 26(f)(2). Further, as of the filing the subject Motion, the Court has not entered a scheduling order *sue sponte*.

4. Deposing Plaintiff at this stage would be in direct violation as promulgated by the Rules.

5. Moreover, the Parties have been ordered to attend a Settlement Conference on June 28, 2017, commencing at 9:30 a.m., before the Honorable Judge O'Sullivan. [DE14].

6. The FLSA has a mandatory attorneys' fees provision and, in some cases, attorneys' fees can substantially exceed the amount of damages that a plaintiff will receive in a judgment/settlement/trial.

7. Defendants have unilaterally scheduled Plaintiff's deposition to occur within mere days of the Settlement Conference. It is illogical for Defendants to unnecessarily accrue fees and costs thereby making it less likely for Defendants to, in good faith, explore the possibilities of

---

Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." The 15 calendar days has not yet expired and Plaintiff intends to move for leave to amend same should the Parties be unable to resolve said Florida Minimum Wage violation.

[3] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading to date. As such, Plaintiff herein amends the Complaint as a matter of course.

settlement at the Settlement Conference as they will have already expended money for their attorneys' fees, costs, and attorneys' fees of Plaintiff's counsel to defend Plaintiff's deposition.

8. Plaintiff's Counsel has made a concerted effort to resolve this issue with Defendants without the need for Court intervention. Plaintiff is willing to cooperate with Defense Counsel to achieve a resolution that would allow Defendants' the opportunity to obtain their necessary discovery without vexatiously multiplying proceedings.

9. Under Fed.R.Civ.P 26(c), a protective order may be granted if a deposition would annoy, embarrass, oppress or put undue burden on a party. *Ahearn v. Rescare W. Va.*, 208 FRD 565 (SD W. Va. 2002); *See also* Exhibit "B," *De Jesus, Jr. V. Yachting Promotions, Inc., et al.,* Case No.: 15-24308-CIV-LENARD/GOODMAN.

10. As there is no Scheduling Order and discovery has not commenced, Defendants will not be prejudiced whatsoever should Plaintiff be produced only after the Settlement Conference occurs but rather would unduly burden Plaintiff.

11. Therefore, Plaintiff respectfully requests this Court enter a Protective Order to prevent Defendants from taking Plaintiff's deposition until after the Settlement Conference set to occur in this matter and for said deposition to be rescheduled on an agreed upon date and time to occur after the Settlement Conference or report and proposed order are due to be filed per the Court's Order [DE13], whichever is later. Plaintiff also respectfully requests for an award of fees for having to file the instant Motion and all related work.

## **MEMORANDUM OF LAW**

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352,

356 (11th Cir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Fed. R. Civ. P. 26(f) states as follows:

> (1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).
>
> (2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.
>
> (3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:
>
> (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

4

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under <u>Rule 26(c)</u> or under <u>Rule 16(b)</u> and <u>(c)</u>…

As above explained, Plaintiff has demonstrated good cause as to why the deposition scheduled should not proceed as unilaterally scheduled to occur on June 26, 2017, and instead should be rescheduled to occur after the Settlement Conference or report and proposed order which is due to be filed by June 30, 2017 per the Court's Order [DE13], whichever is later, on an agreed upon date and time. The Parties have not held their 26(f)/16.1 conference, as required by the Federal and Local Rules, and the report and proposed order has not come due.  Further, as of the filing the subject Motion, the Court has not entered a scheduling order *sue sponte*.

Plaintiff's Counsel has conferred with Defense Counsel and has made efforts to resolve the issue without the need for Court intervention but has been unable to do so. Defendants have been unbending in his position in refusing to reschedule Plaintiff's deposition. Plaintiff seeks a protective order not for purposes of delay and said request would not overly encumber the Court, and such relief is reasonable as the Parties want to attempt to conduct the necessary discovery in

5

a timely fashion without the need for Court intervention however, at this stage in the litigation, Court intervention is necessary.

Pursuant to Rule 37(a)(4)(A);

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff respectfully requests an award of attorneys' fees incurred in filing the instant Motion and all related work. Defendants unbending position has resulted in Plaintiff having to file the instant Motion and its behavior should not be condoned.

WHEREFORE, Plaintiff respectfully requests this Court enter a Protective Order to prevent Defendants from taking Plaintiff's deposition until after the Settlement Conference set to occur in this matter and for said deposition to be rescheduled on an agreed upon date and time to occur after the Settlement Conference or report and proposed order are due to be filed per the Court's Order [DE13], whichever is later. Plaintiff also respectfully requests for an award of fees for having to file the instant Motion and all related work.

## **CERTIFICATE OF CONFERRAL**

The undersigned has conferred with Defense Counsel who refused to reset Plaintiff's deposition until after the Parties have completed their Rule 26(f) Conference and the Settlement Conference in this matter. *See attached,* Exhibit "C."

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
     Rivkah F. Jaff, Esquire
     Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 5/23/17 TO:

**ANDREW TRAMONT , JR., ESQ.**
**RODRIGUEZ TRAMONT & NUNEZ**
**255 ALHAMBRA CIRCLE, SUITE 1150**
**CORAL GABLES, FL 33134**
**305-350-2300**
**FAX: 305-350-2525**
**EMAIL: AVT@RTGN-LAW.COM**

**BRADLEY B ASERLIND, ESQ.**
**RODRIGUEZ TRAMONT & NUNEZ, P.A.**
**255 ALHAMBRA CIRCLE, SUITE 1150**
**CORAL GABLES, FL 33134**
**3053502300**
**EMAIL: BBA@RTGN-LAW.COM**

**BY:_____/s/ Rivkah F. Jaff_____**
            **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1 7-21544-CIV-UU

RAMON MANUEL ADLER a/k/a RAMON )
MANUEL ADLER ADAY, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
       Plaintiff, )
vs. )
)
GARDENS ON THE BAY OWNERS )
ASSOCIATION, INC., )
MARTA ALVAREZ, )
JULIE M. GONZALEZ, )
)
       Defendants. )
_____ )

## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS

This matter came on to be heard regarding the above-described Motion, and the Court being advised in the premises, it is:

ORDERED AND ADJUDGED that said Motion is hereby GRANTED; and

1. PLAINTIFF SHALL NOT APPEAR FOR HIS DEPOSITION JUNE 26, 2017.

2. PLAINTIFF IS HEREBY AWARDED SANCTIONS FOR ALL FEES ASSOCIATED WITH THE INSTANT MOTION AND ALL RELATED WORK. PLAINTIFF SHALL FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS.

DONE AND ORDERED at Miami, Florida, this ___ day of _____ 2017.

                                          _____
                                          URSULA UNGARO
                                          UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record