UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-21544-CIV-UU

RAMON MANUEL ADLER a/k/a RAMON )
MANUEL ADLER ADAY, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                 )
                Plaintiff, )
  vs. )
                                        )
GARDENS ON THE BAY OWNERS )
ASSOCIATION, INC., )
MARTA ALVAREZ, )
JULIE M. GONZALEZ, )
                                        )
                Defendants. )
_____ )

## PLAINTIFF'S REPLY TO [DE25]

COMES NOW the Plaintiff, by and through the undersigned, and hereby Replies to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Protective Order and for Sanctions, filed by Defendants as [DE25], and in support thereof states as follows:

1. One of the advantages of early mediation in an FLSA case is to reach a settlement in a matter before significant attorneys' fees and costs have been incurred by both sides. *De Jesus, Jr., v. Yachting Promotions, Inc., et al.,* Case No.: 15-24308-CIV-JAL/JG [DE36]. By their own admission, Defendants recognize that rushing forward with Plaintiff's deposition at this stage may undermine that objective and is cost prohibitive. *Id; See also,* [DE25, P.9].

2. The Joint Report and Proposed Order is not due to be filed until June 30, 2017, per the Court's Order [DE13]. As such, the Parties have not held their 26(f)/16.1 conference, as required by the Federal and Local Rules. As evidenced by the attached

1

documents to Defendants' Response in Opposition [DE25], Plaintiff's counsel is working with Defense counsel in order to timely comply with the Court's Order.[1] Plaintiff's counsel is not required to meet arbitrary demands and deadlines set forth by opposing counsel to better assist Defense counsel in doing their job and advising their clients on the strengths and weaknesses of Plaintiff's claims and regarding acceptance or rejection of settlement demands.[2]

3. Moreover, the Court has not yet entered a Scheduling Order so there is no evident immediacy to proceed with Plaintiff's deposition as there will be ample time for the Parties to serve written discovery and proceed with depositions of the Parties and other relevant witnesses. Further, Defendants have not agreed to stipulate to any meaningful issues so as to streamline the case (i.e. FLSA coverage/subject-matter jurisdiction, individual liability, etc.).

4. Postponing Plaintiff's deposition until **after** the Settlement Conference can only benefit the Parties as they explore the possibilities of settlement and attempt to resolve this matter prior to running up fees and costs on both sides.

---

[1] Plaintiff's counsel were set to commence Trial in June on a different matter with the Honorable Magistrate Judge Lenard. As such, the undersigned has been preparing for a Trial, which has taken priority over the filing of the Joint Report, which does not come due for another month.

[2] Further, Defendants insinuations that Plaintiff has failed to comply with the Court's Order to date is without merit. Plaintiff has provided Defendants with copies of a typed letter with Plaintiff's job duties, a Year to Date Payroll Journal that Plaintiff obtained from Defendants towards the end of his employment when he requested copies of his employee file, letters from Defendants, and checks. Certainly Defendants, who are in charge of their own business, are in a better position than Plaintiff to have copies of Plaintiff's pay checks, know their gross annual income and who their suppliers are.  Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge who performed manual labor. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra.*

5. Plaintiff is unquestionably not attempting to "stonewall" Defendants as it is abundantly clear that Plaintiff is working with Defendants to timely comply with the Court's Order and submit the necessary documents by the deadlines set forth by the Court. Defendants cannot argue that postponing Plaintiff's deposition will prejudice them as they will have ample time to conduct their discovery and obtain the information to defend themselves against Plaintiff's allegations, should this matter not settle at the Settlement Conference scheduled at the end of the month of June.[3] [DE14].

6. Defendants should be prevented from circumventing the Rules that govern this matter and should not be rewarded for essentially manipulating this case to better position themselves for the Settlement Conference.

7. Under Fed.R.Civ.P 26(c), a protective order may be granted if a deposition would annoy, embarrass, oppress or put undue burden on a party. *Ahearn v. Rescare W. Va.*, 208 FRD 565 (SD W. Va. 2002).

8. The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).

9. Plaintiff has demonstrated good cause as to why the deposition as scheduled should not proceed.

10. Allowing Defendants to proceed with Plaintiff's deposition as scheduled would unduly burden Plaintiff, fees and costs would be unnecessarily be accrued on both

---

[3] This is especially true as the Parties are able to determine the amount of time they propose for discovery in their Joint Scheduling Report and Proposed Order. Often at a Settlement Conference, the Parties are able to narrow the issues and discovery needed based on the exchange of information therein, if a resolution is not reached.

sides for having to defend Plaintiff's deposition, and this could potentially impact the possibility of reaching a settlement at the Settlement Conference as they will have already expended money for their attorneys' fees, costs, and attorneys' fees of Plaintiff's counsel to defend Plaintiff's deposition.

11. Defense Counsel's unbending position and absolute refusal to work with Plaintiff's Counsel to reset depositions to occur **after** the Settlement Conference is not only unduly burdensome for Plaintiff but is unnecessarily running up fees and costs on both sides thereby impacting any potential for settlement.

WHEREFORE, Plaintiff respectfully requests this Court enter a Protective Order to prevent Defendants from taking Plaintiff's deposition until after the Settlement Conference set to occur in this matter and for said deposition to be rescheduled on an agreed upon date and time to occur after the Settlement Conference or report and proposed order are due to be filed per the Court's Order [DE13], whichever is later. Plaintiff also respectfully requests for an award of fees for having to file the instant Motion and all related work.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 5/26/17 TO:**

**ANDREW TRAMONT , JR., ESQ.**
**RODRIGUEZ TRAMONT & NUNEZ**
**255 ALHAMBRA CIRCLE, SUITE 1150**
**CORAL GABLES, FL 33134**
**305-350-2300**
**FAX: 305-350-2525**
**EMAIL: AVT@RTGN-LAW.COM**

**BRADLEY B ASERLIND, ESQ.**
**RODRIGUEZ TRAMONT & NUNEZ, P.A.**
**255 ALHAMBRA CIRCLE, SUITE 1150**
**CORAL GABLES, FL 33134**
**3053502300**
**EMAIL: BBA@RTGN-LAW.COM**

**BY:_____/s/ Rivkah F. Jaff_____**
            **RIVKAH F. JAFF, ESQ.**